## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 12-1295** (Wood County 06-F-147)

**Christopher Ryan Draper,**
**Defendant Below, Petitioner**

**FILED**

September 3, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Christopher Ryan Draper's appeal, filed by counsel D. Adrian Hoosier II, arises from the Circuit Court of Wood County, which sentenced petitioner to ten to twenty years in prison after petitioner was twice expelled from the Anthony Correctional Center. The sentencing order that petitioner appeals was entered on October 17, 2012. The State, by counsel Andrew Mendelson, filed a response in support of the circuit court's order. Petitioner argues that the circuit court erred in accepting his plea.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2006, petitioner used a knife to rob WesBanco Bank. He was nineteen years old at the time. In September of 2006, petitioner pled guilty to committing bank robbery in violation of West Virginia Code § 61-2-12(c)(1). At the plea hearing, petitioner expressed his understanding that although the State recommended placement at the Anthony Correctional Center ("Anthony"), the circuit court had the authority to sentence petitioner to ten to twenty years in prison, pursuant to West Virginia Code § 61-2-12(c)(1). Following questioning by the circuit court as to petitioner's clarity of mind, understanding of the proceedings, and satisfaction with the time he was given to consult with his counsel, petitioner pled guilty to bank robbery. At sentencing, the circuit court deferred petitioner's sentence and placed him at Anthony, pursuant to West Virginia Code § 25-4-6. Shortly thereafter, petitioner was returned as unfit for the program based on noncompliance of the program's rules and regulations. At the hearing on petitioner's return, the circuit court recommitted petitioner to Anthony. After returning from Anthony as unfit a second time, however, the circuit court ordered petitioner to serve the statutory sentence for robbery of ten to twenty years in prison, with credit for 953 days of time served. Petitioner appeals this sentence.

1

We review sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997). With this standard in mind, we turn to petitioner's arguments on appeal.

Petitioner first argues that the circuit court erred in entering petitioner's bank robbery conviction when petitioner was young and lacked knowledge in accepting the plea. Petitioner also argues that the circuit court erred in ordering him to serve his sentence in prison when petitioner understood that by entering his guilty plea, he would be sentenced to Anthony.

Upon our review of the record and the briefs on appeal, we find no abuse of discretion by the circuit court. A copy of the plea hearing transcript clearly shows that the circuit court thoroughly questioned petitioner and determined that petitioner understood the parameters of his guilty plea and the potential consequences of this plea. Following placement at Anthony, petitioner twice failed to comply with the program's rules and regulations. We note that petitioner was not a minor when he committed the robbery, and he expressed his understanding of the proceedings when he entered his guilty plea. The circuit court properly sentenced petitioner within the bounds of West Virginia Code § 61-2-12(c)(1) after petitioner was deemed unfit to remain at Anthony, as provided in West Virginia Code § 25-4-6. Accordingly, the circuit court did not abuse its discretion when it ordered petitioner to serve ten to twenty years in prison.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 3, 2013


**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II